UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES EDWARD HARRIS, JR.,

    Plaintiff,

    v.                                      CAUSE NO.: 3:20-CV-113-PPS-MGG

JUILE LAWSON, *et al.*,

    Defendants.

OPINION AND ORDER

James Edward Harris, Jr., a prisoner without a lawyer, has filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Harris alleges that he has food allergies but that staff at the St. Joseph County Jail are not accommodating his dietary needs. However, this is not the first time Harris has filed a claim regarding the failure to accommodate his dietary needs at the St. Joseph County Jail. He currently proceeds on a similar claim in *Harris v.*

*Wanda*, 3:19-cv-942 (N.D. Ind. filed October 21, 2019). In both cases, he has named Supervisor Johnson and Warden Lawson as defendants and seeks money damages and injunctive relief.

"The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888–89 (7th Cir. 2012) (quotation omitted). "A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id.* (quotation omitted). Because this case duplicates the claims he is already pursuing in another case, this case is dismissed as legally frivolous.

Although it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat'l Ass'n*, 633 F. App'x 346, 348 (7th Cir. 2016) (quotation marks omitted). *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A.

ENTERED: February 6, 2020.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT